**Warren Harding PULLEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15720.**

United States Court of Appeals
Eighth Circuit.

April 9, 1958.

Antonio M. Gassaway, Chicago, Ill. (Thomas J. Burke, St. Paul, Minn., was on the brief), for appellant.

Hyam Segell, Asst. U. S. Atty., St. Paul, Minn. (George E. MacKinnon, U. S. Atty., St. Paul, Minn., was with him on the brief), for appellee. .

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment of conviction entered on January 9, 1957. The defendant (appellant) was charged

by indictment on September 13, 1956, with having transported a woman from Muskegon, Michigan, to Minneapolis, Minnesota, on or about August 25, 1955, for the purpose of prostitution, in violation of 18 U.S.C. § 2421. The defendant entered a plea of not guilty on October 30, 1956. He was tried in November. The jury returned a verdict of guilty on November 9, 1956. The court denied the defendant's motion for a new trial on January 7, 1957, and sentenced him to three years imprisonment on January 9, 1957. Notice of appeal was filed on that day and the defendant was granted bail pending appeal. The case was argued and submitted to this Court March 11, 1958, fourteen months from the time judgment was entered.

The woman alleged to have been transported by the defendant from Michigan to Minnesota was his wife. The transportation was established by uncontroverted evidence. The only contested issue was whether she was transported for the purpose of prostitution. There was evidence introduced by the Government from which the jury reasonably could infer that she had engaged in prostitution both before and after her arrival in Minneapolis, and that it was for that purpose the defendant had transported her.

The defendant made no motion for a directed verdict of acquittal, and does not challenge the sufficiency of the evidence to sustain his conviction.

■ The contention of the defendant is that three Government exhibits were, at the trial, erroneously admitted in evidence, because no adequate foundation was laid for their admission. Two of the exhibits were payroll records of the Lakey Foundry Corporation, of Muskegon, Michigan, showing that the defendant had worked for it for wages from November 23, 1954, to April 22, 1955, and from May 2, 1955, to July 8, 1955. The records were produced by the personnel manager of the corporation, who had occupied that position for thirteen years. He identified the records as those of the corporation, and testified that they were kept in the ordinary course of its business by the payroll department, that he had nothing to do with keeping them, but knew the procedure under which they were kept. He described the procedure in detail and stated that the records were permanent records, made in the course of business, and were true and correct. The exhibits were received in evidence over the objection that no foundation had been laid for their admission. Under 28 U.S.C. § 1732(a), such records, so identified, were in our opinion, admissible. See Palmer v. Hoffman, 318 U.S. 109, 112–115, 63 S.Ct. 477, 87 L.Ed. 645; Massachusetts Bonding & Insurance Co. v. Norwich Pharmacal Co., 2 Cir., 18 F. 2d 934, 937. The fact that the personnel manager did not personally keep them or supervise their making, while perhaps affecting their weight as evidence, did not render them inadmissible.

■ The third exhibit complained of was a record of the Muskegon Police Department indicating that on April 20, 1955, the defendant's wife had reported to a police officer that her husband had kicked her. The exhibit was introduced to impeach her testimony to the effect that her husband had always treated her kindly. She admitted having made some such statement as the report shows to a policeman, after she hurt herself falling downstairs, but testified that the statement was untrue. No objection was made by the defendant as to the materiality of the fact covered by her statement. Whether the exhibit was admissible under 28 U.S.C. § 1732(a), it is unnecessary to decide since in view of the wife's testimony, it was not reversible error for the court to receive it.

If it were to be assumed that the defendant's objections to the introduction of these three exhibits, which had little bearing upon the issues involved, were well taken, he would still not be entitled to a reversal of the judgment appealed from.

■ "Mere 'technical errors' which do not 'affect the substantial rights of the parties' are not sufficient to set aside a jury verdict in an appellate court. 40

Stat. 1181, 28 U.S.C. § 391, 28 U.S.C.A. § 391. He who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted." Palmer v. Hoffman, 318 U.S. 109, 116, 63 S.Ct. 477, 482, 87 L.Ed. 645. See and compare, Davis v. United States, 8 Cir., 229 F.2d 181, 187 (certiorari denied 351 U.S. 904, 76 S.Ct. 706, 100 L.Ed. 1441) and cases cited.

In our opinion, the defendant has shown neither error nor prejudice.

The judgment appealed from is affirmed. The final termination of this case has already been too long delayed. Mandate will issue forthwith.